# CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
(Other than Domestic Relations)

In the Circuit Court, __Kanawha__ County, West Virginia

2015 JUN -1 PM 12: 57

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

## I. CASE STYLE:

**Plaintiff(s)**

Gayle Ballard

Case # 15-C-1082

Judge: _Webster_

vs.

**Defendant(s)** AT&T Mobility, LLC, c/o CT Corporation System, 5400 D Big Tyler Rd, Charleston, WV 25313

**Street**

**City, State, Zip**

| Days to Answer | Type of Service |
|---|---|
| 30 | Secretary of State |

Rick Bowenger

**Street**

**City, State, Zip**

| | |
|---|---|
| 20 | Personal |

Gregory Mathers

**Street**

**City, State, Zip**

| | |
|---|---|
| 20 | Personal |

**Street**

**City, State, Zip**

Original and __2__ copies of complaint enclosed/attached.

SCA-C100.02 / 1 of 2



DEFENDANT'S EXHIBIT A

| PLAINTIFF: Gayle Ballard<br>DEFENDANT: AT&T Mobility, LLC, et al. | CASE NUMBER: |
|---|---|

## II. TYPE OF CASE:

- ☐ General Civil
- ☐ Mass Litigation
  (As defined in T.C.R. Rule XIX (c))
  - ☐ Asbestos
  - ☐ Carpal Tunnel Syndrome
  - ☐ Diet Drugs
  - ☐ Environmental
  - ☐ Industrial Hearing Loss
  - ☐ Silicone Implants
  - ☐ Other: _____
- ☐ Adoption
- ☐ Administrative Agency Appeal
- ☐ Civil Appeal from Magistrate Court
- ☐ Miscellaneous Civil Petition
- ☐ Mental Hygiene
- ☐ Guardianship
- ☐ Medical Malpractice

- ☐ Habeas Corpus/Other Extraordinary Writ
- ☑ Other: Employment

## III. JURY DEMAND: ☑ Yes  ☐ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): 06 / 2016

## IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY? ☐ YES ☑ NO

IF YES, PLEASE SPECIFY:

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: _____

Attorney Name: Todd S. Bailess/Joy B. Mega
Firm: Bailess Law, PLLC
Address: 120 Capitol St, Charleston, WV
Telephone: (304) 342-0550
Dated: 10/1/15

Representing:
☑ Plaintiff  ☐ Defendant
☐ Cross-Complainant ☐ Cross-Defendant

Todd Bailess
Signature

☐ Proceeding Without an Attorney

SCA-C100.02 / 2 of 2

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

GAYLE BALLARD,

    Plaintiff,

v.

    CIVIL ACTION NO. 15-C-\_\_\_\_
    JUDGE: _____

AT&T MOBILITY LLC,
RICK BOWENGER, and
GREGORY MATHERS,

    Defendants.

## COMPLAINT

Plaintiff, Gayle Ballard, brings this case against AT&T Mobility LLC, Rick Bowenger, and Gregory Mathers (collectively, "Defendants").

### NATURE OF CASE

This case arises out of retaliation for making complaints about not being paid employment wages and the unprofessional manner in which Plaintiff was treated by high ranking supervisors of Defendant AT&T Mobility, LLC ("AT&T"). Plaintiff worked for Defendants as a Trainer for approximately ten (10) months without being paid. Defendants terminated Plaintiff's employment when she complained about not being paid her wages and incurring out of pocket expenses for work that she performed. In terminating Plaintiff's employment, her immediate supervisor, Defendant Bowenger, sent her a text message that read "F**K YOU" because she had made a complaint.

### PARTIES AND JURISDICTION

1. Plaintiff, at all times relevant herein, resided in West Virginia.

2. Defendant, AT&T was at all times relevant herein, incorporated under the law of Delaware and conducted business in Kanawha County, West Virginia.

3. Defendant Bowenger was at all times relevant herein, a resident of West Virginia.

4. Defendant Mathers was at all times relevant herein, a resident of New York.

5. Jurisdiction is proper in this Court.

## FACTS

6. Plaintiff was hired by Defendants as a Trainer on or about June 12, 2014.

7. At the time that she was hired, Plaintiff understood that her job duties would include traveling to Defendant AT&T's locations and train new employees.

8. During the course of her employment, Plaintiff performed her duties in a satisfactory manner and met the reasonable expectations of Defendant.

9. From June 12, 2014 through Plaintiff's termination date of April 19, 2015, Defendants never paid Plaintiff for work that she performed or reimbursed her for out of pocket expenses.

10. In or around April 15, 2015, Defendants requested that Plaintiff fly to Phoenix, Arizona for training.

11. Plaintiff and other employees of Defendant AT&T flew to Arizona and spent approximately eight (8) days waiting on representatives of Defendants to arrive and train them.

12. While in Arizona, Plaintiff incurred out of pocket expenses that Defendants promised to reimburse.

13. To date, Defendants have never reimbursed Plaintiff for the out of pocket expenses that she incurred.

14. On or about April 19, 2015, Plaintiff learned that Defendants were not sending any representatives to Arizona and that she would need to fly back to West Virginia.

15. At which time, Plaintiff complained to Defendants that she had not been paid any wages or reimbursed for any out of pocket expenses that she had incurred.

16. Following Plaintiff's complaint, Defendant Bowenger, while acting in the scope of his employment as a supervisor/agent of Defendant AT&T Mobility, LLC, sent Plaintiff a series of text messages, as follows:

(a) "Your terminated;"

(b) "Maybe you can sell your laptop to get some money to fly home;"

(c) "This conversation is over;"

(d) "You will get what I say you get understand that;"

(e) "Would you like me to make so you can't get home;"

(f) "Do NOT Bother me again;" and

(g) "F**K YOU."

17. At which time, Plaintiff forward Defendant Bowenger's text messages to his supervisor, Defendant Mathers.

18. Defendant Mathers responded to Plaintiff's text message by texting Defendant Bowenger as follows: "Da**it Rick leave them the f**k alone! Now I'm serious!"

19. Defendant Mathers sent Plaintiff a text message which indicated that he would fix the situation.

20. To date, Plaintiff has never been contacted by Defendant Mathers after he sent the above-referenced text message, as outlined in Paragraph 18.

21. In reliance upon Defendants promise to pay Plaintiff her wages, Plaintiff turned down other job opportunities to her detriment.

22. Defendants had a duty to pay Plaintiff all her wages owed in full following her termination within the time requirements of the WPCA.

23. However, Defendants breached their duty as Plaintiff has yet to be paid or reimbursed for any expenses that she has incurred while employed with Defendants.

## FIRST CAUSE OF ACTION
### (Violation of Substantial Public Policy)

24. Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs.

25. Defendant involuntarily terminated Plaintiff's employment in retaliation for complaining about not being paid employment wages and reimbursed out of pocket expenses.

26. The WPCA is remedial legislation designed to ensure that West Virginia workers are paid their wages timely. Defendants' actions constituted an unlawful retaliatory discharge motivated by a contravention of a substantial public policy of the State of West Virginia as articulated in the decision of the Supreme Court of Appeals of West Virginia in *Harless v. First National Bank in Fairmont*, 162 W. Va. 116, 246 S.E.2d 270 (1978), in that Plaintiff's discharge was motivated, in whole or in part, by the fact that she complained that Defendants had not paid her employment wages or reimbursed her out of pocket expenses which is protected by the WPCA, W. Va. Code § 21-5-1, *et seq*.

27. As a direct and proximate result of the aforesaid actions, Plaintiff has suffered, and will continue to suffer, lost wages and benefits in an amount to be proven at trial.

28. As a direct and proximate result of the Defendants' actions, Plaintiff is entitled to damages for indignity, embarrassment, humiliation, annoyance, inconvenience and emotional distress in an amount to be determined by the jury.

29. Defendants' actions were willful, wanton and/or undertaken with reckless disregard to the rights of the Plaintiff entitling Plaintiff to punitive damages in an amount to be determined by the jury.

## SECOND CAUSE OF ACTION
## (PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE)

30. Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs.

31. Defendants promised to pay Plaintiff employment wages.

32. Plaintiff relied upon Defendants' promise that it would pay her employment wages and lost out on other job opportunities.

33. Defendants, by and through their agents, representatives, and employees breached their promises and representations to Plaintiff when it failed to pay her employment wages.

34. As a result of Defendants' breach to Plaintiff, Plaintiff has lost wages and job opportunities.

35. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer monetary damages to be proven at trial.

36. Defendants' breach of their promises and representations to Plaintiff, as referenced herein, is the proximate cause of monetary and other direct and consequential damages incurred by Plaintiff.

## THIRD CAUSE OF ACTION
## (WPCA)

37. Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs.

38. Defendants failed to pay Plaintiff her employment wages and reimburse her out of pocket expenses in full within four (4) business days or her next regular payday following Plaintiff's discharge in violation of W. Va. Code § 21-5-4(b).

39. Defendants' actions violated the WPCA entitling Plaintiff to treble damages and to attorney fees and costs pursuant to W. Va. Code §§ 21-5-4 and 21-5-12.

### FOURTH CAUSE OF ACTION
### (TORT OF OUTRAGE)

40. Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs.

41. The outrageous conduct of Defendants in effecting Plaintiff's termination caused her emotional distress as contemplated by *Roth v. DeFlicacare, Inc.*, 700 S.E.2d 183 (W. Va. 2010).

42. Defendants' conduct was atrocious, utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency.

43. Defendants acted with the intent to inflict emotional distress or acted recklessly when it was certain or substantially certain that such distress would result from their conduct.

44. The actions of Defendants caused Plaintiff to suffer emotional distress.

45. The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.

46. As a direct and proximate result of Defendants' actions and/or inactions, Plaintiff has suffered severe emotional and mental distress, humiliation, anxiety, embarrassment, aggravation, annoyance and inconvenience.

47. Defendants' actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of the Plaintiff entitling Plaintiff to punitive damages in an amount to be determined by the jury.

WHEREFORE, Plaintiff prays from the following relief:

1. Damages set forth in this Complaint, including lost wages and benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance, inconvenience, emotional distress, and punitive damages in an amount to be determined by the jury;

2. All remedies afforded under the WPCA;

3. Pre and post judgment interest as provided by law;

4. Attorneys' fees and costs;

5. Injunctive relief; and

6. Such other and further relief as this Court may deem just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

                                              GAYLE BALLARD,
                                              By Counsel

*/s/ Todd Bailess*

Todd S. Bailess (WVSB #10482)
Joy B. Mega (WVSB #9960)
Bailess Law, PLLC
120 Capitol Street
Charleston, West Virginia 25301
Telephone: (304) 342-0550
Facsimile: (304) 344-5529

| | |
|---|---|
| Civil Action Number | 15-C-1082 |
| Package Identification Code | 92148901125134100000816413 |
| Signature Downloaded | 10/5/2015 6:03:49 AM |
| Defendant Name | AT&T MOBILITY LLC |

2015 OCT -6 AM 8:39

CATHY..
KANAWHA COUNTY CIRCUIT COURT


**UNITED STATES POSTAL SERVICE.**

Date Produced: 10/05/2015

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0000 8164 13. Our records indicate that this item was delivered on 09/30/2015 at 09:58 a.m. in CHARLESTON, WV 25313. The scanned image of the recipient information is provided below.

Signature of Recipient: *Terry Stomm*

Address of Recipient: *5400 O Big Tyler Road*

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 81641



```
CASE  15-C-1082                    KANAWHA                          PAGE   1
GAYLE BALLARD                  vs. AT&T MOBILITY LLC

LINE  DATE      ACTION
 1    06/01/15  # CASE INFO SHEET; COMPLAINT; ISSUED SUM & 4 CPYS; F FEE; RCPT
 2              # 5294490; $200.00
 3    09/29/15  # LET FR SS DTD 9/23/15; SUM W/RET (9/23/15 SS) AS TO AT&T
 4              # MOBILITY LLC
 5    10/06/15  @ E-CERT FR SS AS TO AT&T
```